**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Alexander Otis Matthews,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:12cv1473 (LO/TCB)** |
| | ) | |
| **Ryan Faulconer, et al.,** | ) | |
| **Defendants.** | ) | |

MEMORANDUM OPINION AND ORDER

Alexander Otis Matthews, a federal inmate proceeding pro se, has filed a civil rights action, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), alleging that defendants maliciously prosecuted him in a mortgage fraud case. He submitted an application to proceed in forma pauperis. Plaintiff then filed a motion to voluntarily dismiss the FTCA claims, because he had not exhausted his administrative remedies, which the Court granted in an Order dated January 10, 2013. Plaintiff then exhausted his administrative remedies and filed a Motion to Add his FTCA claims and voluntarily dismiss his Bivens claims, which the Court granted on July 8, 2013. Thus, plaintiff now brings this suit pursuant to the FTCA against a sole defendant, the United States Government. After reviewing plaintiff's complaint, his loss of consortium claim and intentional infliction of emotional distress claim against defendant must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Defendant will be directed to file an answer or other responsive pleadings regarding plaintiff's remaining claims.

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

## I. Facts

Though plaintiff now brings his claim pursuant to the FTCA instead of Bivens, his allegations remain the same. Compare Am. Compl. ¶¶ 1-60, with Mot. Add FTCA Suit ¶¶14-42. Plaintiff alleges that the FBI agents and the Assistant United States Attorneys ("AUSAs") involved in his mortgage fraud case falsely prosecuted him when they failed to disclose and take action on an alleged conflict his original attorney had between himself and co-defendant, who later became a state's witness. Plaintiff argues that this denied him "conflict free counsel" in violation of his Sixth Amendment rights, which constitutes negligence and wrongful conduct. Mot. Add. FTCA Suit ¶ 19-21. Plaintiff alleges that "defendant United States of America is liable to the plaintiff for the unlawful action of AUSA Pauze and FBI Agent Alicia Wojtkonski." Id. at ¶ 21.

Plaintiff also claims that defendant is liable for the alleged false statements made during his sentencing by AUSA Faulconer that were "based on double hearsay alleging the claimant to have committed sexual assault and attempted rape against his ex-wife, when in fact it was an assault and battery case that had been dismissed." Id. at ¶ 32. Similarly, plaintiff alleges defendant is liable for AUSA Faulconer sending a victim impact statement that "falsely and maliciously portrayed [him] as a foreign national of Ethiopian origins who had been converted to Islam 'on the hands of' a known radical Islamist preacher." Id. at 33. As discussed above, though these allegations are the same allegations plaintiff brought in his amended complaint, in which plaintiff brought Equal Protection Clause claims and false prosecution claims, here plaintiff labels his claims "negligence, wrongful conduct, negligent supervision, loss of consortium, and

---

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.


intentional infliction of emotional distress." As such, the Court will construe plaintiff's claims as such.

**II. Standard of Review**

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" however, to meet this standard, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

**III. Analysis**

Generally, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); see Suter v. United States, 441 F.3d 306, 310 (4th Cir.), cert. denied, 127 S.Ct. 272 (2006). Because it appears that the alleged events upon which plaintiff's claim is based all took place in Virginia, Virginia law applies.

Loss of Consortium

Virginia no longer recognizes a loss of consortium cause of action. The United States Court of Appeals for the Fourth Circuit held that a wife could not bring a claim for loss of consortium under Virginia Code §55-36. See Carey v. Foster, 345 F.2d 772 (4th Cir. 1965). Thus, this claim will be dismissed, for failure to state a claim pursuant to § 1915A.

Intentional Infliction of Emotional Distress

"The tort of intentional infliction of emotional distress is 'not favored' in the law, because there are inherent problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." Supervalu, Inc. v. Johnson, 276 Va. 356, 370 (2008) (quoting Almy v. Grisham, 273 Va. 68, 77 (2007)). A plaintiff alleging intentional infliction of emotional distress "must prove his case by clear and convincing evidence." Id. In Virginia, to state a claim for intentional infliction of emotional distress, a plaintiff must allege that: (1) the defendant acted intentionally or recklessly; (2) the behavior was outrageous or intolerable; (3) a causal connection exists between the behavior and the emotional distress; and (4) the resulting emotional distress was severe. Harris v. Kreutzer, 271 Va. 188, 203 (2006); Supervalu, Inc., 276 Va. at 370. "With respect to the first element, a plaintiff must show that 'the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result.'" Taylor v. CNA Corp., 782 F. Supp. 2d 182, 205 (E.D. Va. 2010) (quoting Womack v. Eldridge, 215 Va. 338, 342 (1974.) Plaintiff's own allegations admit that defendant acted negligently; as such, plaintiff has failed to allege that defendant acted with the required intentional or reckless behavior. See Harris, 271 Va. at 203; Supervalu, Inc., 276 Va. at 370. Further, plaintiff has offered no facts to suggest defendant's alleged action caused plaintiff severe emotional distress.[2]

**IV. Motion to Amend**

On November 13, 2013, plaintiff filed an amended document, which the Court will construe as a Motion to Amend. By Order dated January 10, 2013, the claims against defendant Bennett Brown were dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to

---

[2] It also appears that plaintiff's claim is barred by the statute of limitations. Under Virginia law, IIED claims are subject to a two-year statute of limitation. Va. Code § 8.01-243(A). As plaintiff's allegations stem from a fall 2010 mortgage investigation, it appears the statute of limitations bars this claim.

state a claim. In his motion, plaintiff seeks to add Bennett Brown and Timothy Joseph Sullivan to his complaint.

Motions to amend are committed to the discretion of the trial court. Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). In general leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15 (a), and a pro se litigant in particular "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Dluhos v. Floating & Abandoned Vessel Known as "New York," 162 F.3d 63, 69-70 (2nd Cir. 1998). On the other hand, a motion to amend warrants denial where there is "an apparent or declared reason [for doing so] - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of [the] amendment." Id. at 69 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, in support of his motion, plaintiff does not allege how each defendant caused him harm or violated his rights. Plaintiff merely states "the defendant" without specifying who allegedly caused plaintiff's harms. As such, he has failed to state a claim and plaintiff's motion must be denied. See Dluhos, 162 F.3d at 69 (quoting Foman, 371 U.S. at 182).

**V. Motion for Leave to Proceed In Forma Pauperis**

Plaintiff submitted an application to proceed in forma pauperis and a form indicating his consent to the collection of the $350.00 filing fee in installments from his prison trust account. Additionally, plaintiff's correctional institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit of $401.33, an average monthly balance of $155.80 and $474.42 at the time of inquiry. Therefore, plaintiff is assessed an initial filing fee of $94.88, which is twenty percent (20%) of the greater of the average monthly deposits or balance for the last six months preceding the filing of this

complaint. See 28 U.S.C. § 1915(b)(1). Plaintiff will be required monthly to remit to the Clerk of this Court twenty percent (20%) of any income into plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

Accordingly, it is hereby

ORDERED that plaintiff's application to proceed in forma pauperis (Docket # 2) be and is GRANTED; and it is further

ORDERED that this action be and is FILED in forma pauperis; and it is further

ORDERED that plaintiff's Amended Document, construed as a Motion to Amend, (Docket # 26) be and is DENIED; and it is further

ORDERED that the United States Government be added as a defendant; and it is further

ORDERED that defendants Carla Coopwood, Christine Windness, Alicia Wojtkonski, Rod Rosenstein, Neil McBride, District of Maryland US Attorney's Office, Eastern District of Virginia (Alexandria) US Attorney's Office, Bennett Brown, and Ryan Faulconer be and are DISMISSED WITHOUT PREJUDICE as defendants in this action, pursuant to the Court's July 8, 2013 Order granting plaintiff's motion to add his FTCA claims and dismiss all defendants; and it is further

ORDERED that defendant United States Government file an answer or other responsive pleadings to the complaint within sixty (60) days of the date of service, pursuant to Fed. R. Civ. P. 12(a)(3). Defendant is advised that it is normal practice in pro se prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty (20) days of responsive pleading being filed, plaintiff may file counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by the defendant. See E.D.Va. Local Civil Rule 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Unless any party explicitly requests additional time for additional filings, this case will be considered ripe for disposition twenty (20) days after the filing of a responsive pleading; and it is further

ORDERED that plaintiff serve a copy of every document he filed in this proceeding upon all parties by mailing the document to each party's counsel of record, pursuant to Fed. R. Civ. P. 5; and it is further

ORDERED that plaintiff's failure to notify the Court immediately in the event that he is transferred, released or otherwise relocated may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

ORDERED that plaintiff is advised that if the Court is unable to effect service on the defendant through this Order and defendant is not otherwise served within 120 days of filing,[3] defendant will be dismissed from this action without prejudice, see Fed. R. Civ. P. 4(m); and it is further

ORDERED that plaintiff's correctional institution is DIRECTED to submit twenty percent (20%) of plaintiff's preceding month's income any time his monthly account balance is at least $10.00 until the full $350.00 filing fee has been paid. Should plaintiff fail to keep twenty percent (20%) of his preceding month's income in his account, the correctional institution is DIRECTED to complete and return to the Court the enclosed Report of Violation of Consent Order.

---

[3] For purposes of calculation, the complaint is deemed filed as of the date of this Order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to the plaintiff, a copy of this Memorandum Opinion and Order, the Consent Form (Docket # 08), and the Report of Violation of Consent Order to accounting officials at plaintiff's correctional institution. The clerk is further directed to send a copy of this Memorandum Opinion and Order, the complaint (Docket # 1), the amended complaint (Docket # 7), plaintiff's Motion to Add FTCA Suit to Case (Docket # 18), the Court's Orders of January 10, 2013 and July 8, 2013 (Docket Nos. 5 & 20), and the summons to the Attorney General of the United States at Washington, D.C.

Entered this 27th day of December 2013.

Alexandria, Virginia

/s/
**James C. Cacheris**
**United States District Judge**