IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Alexander Otis Matthews, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12cv1473 (LO/TCB) |
| ) | |
| United States of America, ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Alexander Otis Matthews, a federal inmate proceeding pro se, has filed an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671. Plaintiff's initial complaint, filed on December 21, 2012, raised both FTCA claims and constitutional claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On July 8, 2013, the Court granted plaintiff's Motion to Voluntarily Dismiss his Bivens claims. Dkt. 20. Accordingly, plaintiff's suit is currently based solely on the FTCA, and is brought against the United States of America. On March 3, 2014, defendant filed a Motion to Dismiss for Lack of Jurisdiction and a Motion to Dismiss for Failure to State a Claim. Dkt. 39. Plaintiff was provided with the notice required under Local Civil Rule 7(K) and by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response in opposition. Dkt. 42. Defendant submitted a reply, and plaintiff thereafter filed a Motion for Leave to File a Reply Memorandum. Dkt. 44. For the reasons that follow, defendant's motions will be granted, and judgment will be entered in favor of the United States on plaintiff's FTCA claim. Plaintiff's Motion for Leave to File a Reply, as well as plaintiff's other pending motions, will be denied.

I.

On August 27, 2010, plaintiff was charged by criminal complaint with one count of wire fraud in the District of Maryland. On November 17, 2010, he was indicted on one count of bank fraud in the same court. On February 17, 2011, plaintiff was indicted in the Eastern District of Virginia on one count of wire fraud. Plaintiff pled guilty to all three charges in this Court on July 15, 2011, and was sentenced on September 30, 2011. See generally United States v. Matthews, 1:11-cr-348-LO-1. On February 8, 2012, plaintiff filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. See id. Dkt. 13. His § 2255 motion raised allegations of ineffective assistance of counsel, attorney conflict of interest, Due Process violations and prosecutorial misconduct by Assistant U.S. Attorney ("AUSA") Ryan Faulconer, and Due Process violations due to false information introduced at his sentencing hearing. The Court denied plaintiff's motion on April 17, 2013. See id. Dkt. 53.

Plaintiff then filed the instant complaint, raising substantially the same allegations as made in his February 8, 2012 motion, on December 21, 2012. See Compl. [Dkt. 1]. As noted above, his original complaint was brought pursuant to both Bivens and the FTCA. Plaintiff then moved to voluntarily dismiss his FTCA claims in order to properly exhaust his administrative remedies. On January 10, 2013, the Court granted his motion. Dkt. 5. On June 13, 2013, plaintiff filed a "Motion to Add FTCA Suit" and a motion to voluntarily dismiss his Bivens claims. Dkt. 18, 19. The Court granted both motions on July 8, 2013. On December 27, 2013, the Court, upon reviewing plaintiff's FTCA claims, dismissed plaintiff's intentional infliction of emotional distress and loss of consortium claims, substituted the United States of America as the defendant in the action, and served the defendant. Dkt. 28.

Plaintiff makes four allegations in the instant action. First, he alleges that two FBI agents and AUSA Michael Pauzé of the District of Maryland illegally prosecuted him when they failed to disclose and take action on an alleged conflict of interest his defense attorney had with his co-defendant. See Plaintiff's Motion to Add FTCA Suit ("Pl.'s Mot. to Add FTCA Suit") [Dkt. 18-1] ¶¶ 11-19. Plaintiff argues that these actions denied him "conflict free counsel" in violation of his Sixth Amendment rights, and constituted negligence and wrongful conduct. Id. ¶¶ 19-21. He alleges that that he has "a Constitutional right under the 6th Amendment to conflict free counsel," and that "defendant United States of America is liable to the plaintiff for the unlawful actions of AUSA Pauzé and FBI Agent Alicia Wojtkonski." Id. ¶ 21. Second, plaintiff alleges that all the FBI agents and AUSAs involved in his case selectively prosecuted him. Id. ¶ 46 ("Of the more than 18 culpable participants in this case . . . [plaintiff] was the only person prosecuted.").

Third, plaintiff alleges that defendant Faulconer "sought to convince [plaintiff] not to pursue" a. § 2255 motion, and that Faulconer retaliated against plaintiff when he filed his § 2255 motion. Id. ¶¶ 29-31. Lastly, plaintiff claims that Faulconer introduced false statements at his sentencing hearing based on a previously-dismissed assault and battery charge against his ex-wife. Id. ¶ 32. Similarly, plaintiff alleges that Faulconer and defendant Carla Coopwood, U.S. Probation Officer, submitted a victim impact statement to the Court that "falsely and maliciously portrayed [him] as a foreign national of Ethiopian origins who had been converted to Islam 'on the hands of' a known radical Islamist preacher." Id. ¶ 33. Plaintiff alleges that the defendants violated notions of "fundamental fairness," id. ¶ 56, that the defendants violated his First Amendment rights, id. ¶ 41, that he suffered an illegal conviction, id. ¶ 22, and that his sentence violates "the 5th and 14th Amendments," id. ¶ 40, among other injuries. Plaintiff seeks

monetary damages from the United States of America in the amount of $37,000,000. See id. at 9.

## II.

Plaintiff's claims must be dismissed for lack of subject matter jurisdiction. Although plaintiff styles his suit as arising out of the FTCA, his claims are, in essence, repetitive of the constitutional claims made in his § 2255 motion. This Court is thus barred from considering his claims by Heck v. Humphrey, 512 U.S. 477 (1994). In addition, plaintiff's claims are not cognizable under the FTCA, as they are essentially claims for constitutional violations by the defendants.[1]

A. Standard of Review

Federal courts are courts of limited jurisdiction, and can only exercise the jurisdiction expressly provided by the Constitution and federal statutes. See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). This jurisdiction cannot "be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citing American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951)). Thus, when a district court lacks subject matter jurisdiction over an action, it must dismiss the case. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When determining the merits of a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court must determine whether plaintiff's allegations, taken as true, "plead jurisdiction and a meritorious cause of action."

---

[1] Because the Court lacks subject matter jurisdiction over plaintiff's claims due to both the Heck doctrine and the constitutional nature of plaintiff's claims, it is unnecessary to address defendant's other arguments in support of its Motion to Dismiss for Lack of Jurisdiction. See Memorandum of Law in Support of the United States' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Def.'s Mem.") [Dkt. 40], at 10-15. It is also unnecessary to address the defendant's argument that plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). See id. at 16-20.

4

Dickey v. Greene, 729 F.2d 957, 958 (4th Cir. 1984). The burden of establishing subject matter jurisdiction thus rests on the plaintiff. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted). If a defendant's challenge to subject matter jurisdiction arises out of the legal sufficiency of the pleading of the facts supporting jurisdiction, the court must accept all the plaintiff's allegations as true. See, e.g., Crutchfield v. United States Army Corps. of Eng'rs, 230 F. Supp. 2d 687, 695 (E.D. Va. 2002) (internal citations omitted).

Based on the present record, the Court lacks subject matter jurisdiction over plaintiff's claims. Thus, his claims must be dismissed.

B. Plaintiff's Claims are Barred from Review by the *Heck* Doctrine

All of plaintiff's claims challenge the lawfulness of his current conviction. Thus, if the Court were to determine the merits of his claims, it "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486. Such relief is foreclosed by the Supreme Court's decision in Heck v. Humphrey, which held that, before recovering monetary damages[2] for claims based on the validity of a conviction, a plaintiff must show that his conviction has been either reversed on direct appeal or vacated through a writ of habeas corpus.[3] See id. at 487.

---

[2] Heck arose out of a § 1983 action. However, numerous courts have applied its rationale to FTCA actions. See, e.g., Morrow v. Federal Bureau of Prisons, 610 F.3d 1271, 1272 (11th Cir. 2010) (concluding that, when an incarcerated plaintiff's FTCA suit would implicate the validity of his underlying sentence, Heck applied); Erlin v. United States, 364 F.3d 1126, 1133 (9th Cir. 2004); Young v. Gillespie, No. 1:12-2169-TMH-SVH, 2012 WL 5354395, at *2 (D.S.C. Sept. 26, 2012).

[3] The United States Supreme Court's holding in Heck "precludes a prisoner from a collateral attack that may result in two inconsistent results – for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment." Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). While § 2255 motions are not technically habeas petitions, the Court's concerns apply equally to § 2255 motions. Accordingly, this court has applied Heck's rationale to § 2255 motions. See Booker v. Virginia Power, No. 3:09cv759, 2010 WL 1286698, at *2 (E.D. Va. March 26, 2010); Rice v. Lee, No. CRIM.A. 02-333-ALL, 2003 WL 23314323, at *1 (E.D. Va. Apr. 9, 2003) (Lee, J.).

Because plaintiff's conviction has not been vacated or overturned, he is precluded from obtaining monetary damages based on the government's actions.

Plaintiff states that Heck does not apply to his claims because his "common law claims cannot as a matter of law serve to render his federal sentence/conviction invalid." Plaintiff's Opposition to Government's Motion to Dismiss ("Pl.'s Opp.") [Dkt. 42], at 1 ¶ 3. He states that, because the Court denied his § 2255 motion, it is legally impossible for claims based on "simple common law torts" to render his conviction invalid. Id. at 5 ¶ 9. He states that his case is distinct from a § 1983 case because, in a § 1983 action, a plaintiff raises constitutional challenges that *could* render a conviction invalid, whereas his claims could not. Id. at 6 ¶ 11. However, plaintiff's argument is incorrect. As discussed below, plaintiff's "common law tort claims" are, in substance, constitutional claims. Thus, his attempt to distinguish his case from a § 1983 case fails, and the same considerations underlying the United States Supreme Court's decision in Heck apply to the instant case.

Plaintiff's allegation that his claims are not barred by collateral estoppel also fails. Plaintiff states that, because the Court did not rule on the merits of all of his current claims in his previous § 2255 motion, he is not precluded from re-litigating those issues in the instant case. Pl.'s Opp., at 1 ¶ 4-4 ¶ 8. However, the Heck doctrine is not based on collateral estoppel, and the government does not make such a contention. See Reply Memorandum in Support of United States' Motion to Dismiss ("Def.'s Reply") [Dkt. 43], at 3. The question, for the Heck analysis, is whether plaintiff's claims challenge the lawfulness of his current conviction. Because plaintiff raises the same claims in the instant complaint as he made in his § 2255 motion, which did challenge the lawfulness of his conviction, Heck applies, and this Court cannot consider his claims.

6

C. Plaintiff's Claims are Not Cognizable under the FTCA

In addition, plaintiff has not stated any claims for which relief is available under the FTCA. Though sounding in negligence, plaintiff's claims in substance are constitutional tort claims, and, as such, are not cognizable under the FTCA. The FTCA's limited waiver of the United States' sovereign immunity is jurisdictional in nature. The FTCA specifically waives the United States' sovereign immunity:

> [F]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The "terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). "To be actionable under § 1346(b), a claim must allege . . . that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" FDIC v Meyer, 510 U.S. 471, 477 (1994) (quoting § 1346(b)(1)). "'Law of the place' means law of the state," and thus, state law provides the source of substantive liability under the FTCA. Id. at 478; see also Richards v. United States, 369 U.S. 1, 6 (1962). Because, by definition, federal law, rather than state law, governs constitutional claims, a private person could not be liable for constitutional claims under the FTCA. Id. Section 1346(b)'s limited waiver of sovereign immunity therefore does not provide a cause of action for constitutional tort claims, and such claims are not cognizable under the FTCA. See, e.g., Meyer, 510 U.S. at 477-78; Williams v. United States, 242 F.2d 169, 175 (4th Cir. 2001) (quoting Richards, 369 U.S. at 7-8)).

Plaintiff brings claims that he labels as "negligence, wrongful conduct, and negligent supervision."[4] As defendant rightfully points out, however, plaintiff's claims are actually constitutional tort claims. See, e.g., Def.'s Mem., at 9 (citing Pl.'s Mot. to Add FTCA Suit, at 12 ¶¶ 19, 20, 24; 18 ¶¶ 40, 41; 21 ¶ 45). Indeed, although plaintiff states that his claims are based on negligence, he links every allegation of negligence to a specific constitutional violation, such as deprivations of his Fifth, Sixth, and Fourteenth Amendment rights. In addition, although he has adjusted the language, plaintiff's allegations in the instant complaint are identical to those made in his initial Bivens complaint, which explicitly raised constitutional claims. Compare Compl., at 3, Count 1 (alleging that the defendants violated his Equal Protection rights), and 14, Count 3 (alleging that the defendants "willfully and knowingly violated the plaintiff's rights under the 5th Amendment of the U.S. Constitution . . ." by impeding his right to "conflict-free counsel"), with Pl.'s Mot. to Add FTCA Suit ¶ 19 ("The actions of [the defendants], by their negligence, violated the plaintiff's 6th Amendment right to conflict free counsel."), and ¶ 56 (alleging that the defendants "had a duty of care to not unfairly prosecute the claimant in violation of fundamental fairness and the claimant's constitutional protections, [and] to treat the plaintiff equally with the other participants and other similar situated people involved . . ."). Plaintiff's attempt to re-characterize his arguments as common law torts, rather than constitutional claims, does not alter the substance of his complaint, which raises constitutional issues. See Talbert v. United States, 932 F.2d 1054, 1066-67 (4th Cir. 1991) (holding that "artful pleading" of a claim cannot alter the true nature of the claim).

Therefore, although plaintiff "cloaks his claims in terms of negligence," his claims clearly are constitutional tort claims and are not cognizable under the FTCA. Popovic v. United

---

[4] Plaintiff also initially brought claims labeled as "loss of consortium" and "intentional infliction of emotional distress." See Pl.'s Mot. to Add FTCA Suit, at 1. The Court dismissed these claims in its December 27, 2013 Order. See Dkt. 28, at 4-5.

States, 175 F.3d 1015, No. 98-1432, 1999 WL 228243, at *6 (4th Cir. Apr. 20, 1999) (per curiam) (finding that the district court properly dismissed claims that were not cognizable under the FTCA despite the plaintiff's attempt to "cloak[] the claims in terms of negligence"). Accordingly, this Court must dismiss his claims for lack of subject matter jurisdiction.

### III.

Also before the Court are several motions submitted by plaintiff. On April 4, 2014, he filed a "Motion for Leave to File Reply Memorandum in Response to Defendant's Reply Memorandum." Dkt. 44. In this motion, plaintiff asks the Court to "deny the defendant's Motion to Dismiss." Id. at 8. Because the Court is granting defendant's Motion to Dismiss for the reasons stated above, plaintiff's motion will be denied, as moot. For the same reason, plaintiff's Motion to Open Discovery (Dkt. 46) will also be denied.

On December 5, 2014, plaintiff submitted a Motion for Partial Judgment on the Pleadings as to USPO Carla Coopwood ("Mot. for Partial Judgment") Dkt. 48. Plaintiff relies on Federal Rule of Civil Procedure 8(b)(6) to argue that the defendant's failure to reply to plaintiff's claims of negligence against Coopwood amounts to a failure to deny these claims. Mot. for Partial Judgment ¶¶ 1-3. He argues that he is therefore entitled to a judgment in his favor against Coopwood. Id. ¶ 4. Defendants filed a response to this motion on December 19, 2014. Dkt. 52. On December 23, 2014, plaintiff filed a Sur-Reply to the Defendant's Response. Dkt. 53. In his Sur-Reply, plaintiff asks for a full judgment on the pleadings. For two reasons, plaintiff's motions for judgment on the pleadings will be denied.

First, plaintiff's Motion for Partial Judgment on the Pleadings mischaracterizes the nature of an FTCA action. The plain language of § 1346(b) provides that an FTCA action is a suit against the United States, rather than against an individual actor. Indeed, any suit in which "the

judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," Land v. Dollar, 330 U.S. 731, 738 (1947), *must* be brought against the United States, rather than a specific individual. See 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by [the FTCA] . . . is exclusive of any other civil action or proceeding for money damages . . . . Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded . . . ."). Thus, Coopwood, as an individual, was not a proper party to this action. The failure to make specific allegations against Coopwood therefore does not affect the outcome of this case. For the reasons stated above, this Court lacks subject matter jurisdiction over plaintiff's claims. This fact relates to all of plaintiff's claims, regardless of which individual actor played a role in the claims.

      Second, plaintiff's motions for judgment on the pleadings are untimely. Although made pursuant to Federal Rule of Civil Procedure 8(b)(6), plaintiff's motions are more properly construed under Rule 12(c), which allows a party to move for a judgment on the pleadings "after the pleadings have closed." Federal Rule of Civil Procedure 7 defines "pleadings" as "only" a complaint, an answer, a complaint and answer to a cross- or counter-claim, and a reply to an answer. Fed R. Civ. P. 7(a)(1)-(7). Thus, the pleadings close after the filing of the complaint and the answer. See 5C Charles Alan Wright et al, Federal Practice & Procedure § 1367 (3d ed. 2014); Scottsdale Ins. Co. v. Doe, No. 7:13-cv-00342, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014) (collecting cases stating the same conclusion). As the defendants have not filed an answer to plaintiff's complaint, the pleadings have not yet closed. Plaintiff argues that the pleadings have closed because the defendant failed to file an answer within sixty days of service, as directed by the Court on December 27, 2013. See Plaintiff's Sur-Reply to Defendant's

12/19/14 Response And Motion for Full Judgment on the Pleadings ¶ 1. Plaintiff also states that, because defendant's Motion to Dismiss is not a responsive pleading, the defendant has failed to comply with the terms of the December 27, 2013 Order, and has thus failed "to admit or deny the claims." Id. ¶ 2. Plaintiff argues that because "the Defendant has openly conceded in their Response [sic] to not filing a responsive pleading to admit or deny the claims, and to only filing a Motion to Dismiss, the Defendant has defaulted on the 12/27/2013 Order and has admitted to plaintiff's claims," plaintiff's motion for judgment on the pleadings is timely.

Plaintiff's argument, however, misconstrues the language of both Rule 12(a) and 12(b) of the Federal Rules of Civil Procedure. Rule 12(a)(2) provides that, the United States, when acting as a defendant, must serve an answer to a complaint within sixty days of service of process. Rule 12(a)(4), however, provides that the filing of a motion extends the period of time to file a responsive pleading by fourteen days after the disposition of that motion. See, e.g., Fed. R. Civ. P. 12(a)(4)(A) ("[S]erving a motion under these rules alters [the period with which to serve a responsive pleading] as follows: if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action"). Accordingly, were the Court to deny defendant's motion to dismiss, defendants would have fourteen days to file an answer to the complaint. Because "a motion asserting [subject matter or personal jurisdiction] defenses must be made before pleading if a responsive pleading is allowed," Fed. R. Civ. P. 12(b), defendant's Motion to Dismiss does not amount to a failure to admit or deny any of plaintiff's claims.

Thus, Rule 8(b)(6), which states that an allegation "is admitted if a responsive pleading is required and the allegation is not denied," does not apply to the plaintiff's allegations, and plaintiff's Motions for Partial and Full Judgment on the Pleadings must be denied.

11

## IV.

For the foregoing reasons, this Court does not have subject matter jurisdiction over plaintiff's claims. The defendant's Motion to Dismiss will therefore be granted, and plaintiff's pending motions will be denied. An appropriate Order will issue.

Entered this  12th  day of  Jan.  2015.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge